IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARKEL DASEAN MILLER,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:15-cv-00252-MTT-CHW |
| | : | |
| Warden **TOM GRAMIAK,** *et. al.*, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

On June 15, 2015, Petitioner, Markel Dasean Miller, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss as untimely on October 30, 2015, alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**.

I. Procedural History

On March 8, 2012, appearing in the Superior Court of Wilcox County, Petitioner entered a negotiated plea of guilty to one count of robbery by force and one count of burglary. Doc. 12-1, p. 9 -12. In exchange for his plea of guilty Petitioner was sentenced to "serve 20 years in the state penitentiary," with 10 years to be served on probation. Doc. 12-1, p. 13. Petitioner did not file a direct appeal contesting his guilty plea, but filed a state habeas action on August 8, 2013, in the Superior Court of Ware County. See Doc. 12-1; Doc. 12-3. Petitioner sought to have his convictions vacated, alleging that his guilty plea was involuntarily entered due to ineffective

1

assistance of counsel. Following an evidentiary hearing in which Petitioner's trial counsel testified, Petitioner's state habeas action was denied on February 24, 2015. Petitioner did not seek an application for certificate of probable cause to appeal with the Georgia Supreme Court,[1] and the instant action was filed on June 15, 2015. Currently before the Court is respondent's motion to dismiss for untimeliness.

II. <u>AEDPA's Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner filed no timely direct appeal, Petitioner's March 8, 2012 judgment of conviction became "final" 30 days later, on April 8, 2012, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a), *see also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008). From that date, Petitioner had one year to file a timely petition for federal habeas relief. However, any period of time in which petitioner had a pending, properly filed application for State post-conviction or other collateral review does not "count" toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Notwithstanding the times for which Petitioner's claim was tolled or arguably could have been tolled, his petition is untimely. The AEDPA one year limitations period year ran on April 8, 2013, one year after Petitioner's judgment became final. Petitioner filed no action seeking relief

---

[1] Petitioner does not allege that he sought a certificate of probable cause to appeal denial of his state habeas action and Respondent states that he has not. In order to exhaust state court remedies in Georgia, a Petitioner must appeal an adverse state habeas decision by petitioning the Georgia Supreme Court for a certificate of probable cause to appeal.. *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004).

during that one year period and originally sought relief through a state collateral attack filed on August 8, 2013. By the time Petitioner filed that action, sixteen months had passed since Petitioner's judgment became final. Over three additional three months also passed following the February 24, 2015, order denying Petitioner's state habeas action and when Petitioner filed the current action on June 15, 2015. The current action is thus untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In light of this standard and Petitioner's pro se status, the Court entered an Order on January 12th, 2016, directing Petitioner to file a response to Respondent's Motion to Dismiss. Doc. 13. Petitioner was given until February 11, 2016, to respond and advised that failure to do so may result in his motion being dismissed. Doc. 13. Petitioner failed to file a timely response or request an extension of time for doing so. As of the date of this, decision the Court has received no further filing from Petitioner.

Despite this failure, the Court has carefully examined Petitioner's original pleadings for potential reasons which may have equitably tolled the AEDPA clock. Specifically, Petitioner's original complaint presents multiple claims of ineffective assistance of counsel. These claims, however, do not relate to the period of time for which equitable tolling is applicable. Petitioner is not entitled to equitable tolling.

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 11) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of March, 2016.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge